J-S81022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROGER E. VALDEZ | |
| Appellant | No. 364 MDA 2017 |

Appeal from the PCRA Order Entered January 12, 2017
In the Court of Common Pleas of Lebanon County
Criminal Division at No: CP-38-CR-0001053-2013

BEFORE:  PANELLA, STABILE, and PLATT, JJ.*

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 12, 2018**

Appellant, Roger E. Valdez, appeals *pro se* from the January 12, 2017 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

Appellant is presently serving an aggregate term of 10 to 30 years of imprisonment for rape of a child, involuntary deviate sexual intercourse, unlawful contact with a minor, aggravated indecent assault, indecent assault and corruption of minors.[1]  Appellant, who was 37 years old at the time of the offenses, posed as a 17-year-old in an online chat room and lured the 12-year-old victim into the sexual assault.  Appellant pled guilty on March 3, 2014

_____

* Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S.A. §§ 3121, 3123, 6318, 3125, 3126, and 6301.

and the trial court subsequently denied Appellant's pre-sentence motion to withdraw the plea. The trial court imposed sentence on July 30, 2014. On direct appeal, this Court rejected Appellant's argument that his pleas was involuntary, and we affirmed the judgment of sentence on June 1, 2015.

Appellant filed his first timely PCRA petition on May 12, 2016. The PCRA court conducted a hearing on December 19, 2016 and entered an order denying relief on January 12, 2017. Subsequently, appointed counsel filed a petition to withdraw. The PCRA court entered an order granting counsel's petition on January 31, 2017. This timely *pro se* appeal followed. On appeal, we must determine whether the record supports the PCRA court's findings of fact and whether the PCRA court committed an error of law. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014).

In his first argument, Appellant claims plea counsel was ineffective for permitting the trial court to participate in plea negotiations.[2] In order to establish counsel's ineffectiveness, a PCRA petitioner must plead and prove that (1) the underlying issue is of arguable merit; (2) counsel had no reasonable strategic basis for the action or inaction; and (3) counsel's error prejudiced the petitioner. ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1127

---

[2] On direct appeal, Appellant argued his plea was involuntary because he was not adequately informed of the nature of the charges against him or the factual basis for the plea.

(Pa. 2011). The petitioner must establish all three elements. *Id.* Failure to establish any one element is fatal to the claim.

Our Supreme Court has held that the trial court's participation in a sentencing agreement renders a plea involuntary. *Commonwealth v. Evans*, 252 A.2d 689, 690 (Pa. 1969). We have reviewed the instant record and found no evidence of improper participation by the trial court. The trial court explained that it informed Appellant that Appellant was facing up to 222 years of incarceration if he proceeded to trial and was found guilty on all counts. N.T. Hearing, 12/19/16, at 2-3. Informing Appellant of the penalties he is facing does not constitute participation in a plea agreement. Appellant's first argument lacks record support and therefore lacks arguable merit.

Appellant's second and third arguments challenge the legality of his sentence and PCRA counsel's ineffectiveness for failing to raise this issue.[3] As noted above, Appellant is serving an aggregate 10 to 30 years of incarceration. The court imposed 10 to 30 years for rape of a child and concurrent sentences of 10 to 30 years for several counts of involuntary deviate sexual intercourse with a child. N.T. Sentencing, 7/30/14, at 36-38. Rape of a child and involuntary deviate sexual intercourse with a child both carry a maximum prison term of 40 years. 18 Pa.C.S.A. §§3121(e)(1) and 3123(d)(1).

---

[3] We observe that legality of the sentence is a non-waivable jurisdictional issue. *Commonwealth v. Foster*, 960 A.2d 160, 163 (Pa. Super. 2008), *affirmed*, 17 A.3d 332 (Pa. 2011).

Appellant's reliance on 18 Pa.C.S.A. § 1103[4] is therefore misplaced. Furthermore, § 1101[5] of the Crimes Code authorizes the fines the trial court imposed. Appellant's challenge to the legality of his sentence lacks merit, and his assertion of PCRA counsel's ineffectiveness correspondingly fails for lack of arguable merit.

In his fourth argument, Appellant claims that PCRA counsel's ineffectiveness deprived him of a full and fair review of all of the claims he wished to present on collateral review. We have already addressed Appellant's substantive claims. Having found no merit to any of them, we cannot conclude that PCRA counsel rendered ineffective assistance.

In his fifth and final argument, Appellant claims that the order before us is not final because the PCRA court failed to address all of Appellant's claims. Appellant is not specific as to which of his claims the PCRA court failed to address. He states that a "fair review" of his petition, the hearing transcript, and the PCRA court's order and opinion reveals a lack of the court's attention to various orders. Appellant's Brief at 36. Appellant's failure to direct our attention to any specific outstanding issue precludes any possibility of relief.

---

[4] Section 1103 governs the sentence of imprisonment for felonies, providing a maximum of 20 years for first-degree felonies, ten years for second-degree felonies, and seven years for third-degree felonies. 18 Pa.C.S.A. § 1103. Sections 3121 and 3123 of the Crimes Code provide for longer maximum terms notwithstanding the provisions of § 1103.

[5] 18 Pa.C.S.A. § 1101(1)-(9) authorizes fines for various categories of offenses.

In summary, we have found no merit to any of Appellant's issues.  We therefore affirm the PCRA court's order.

Order affirmed.

Judge Panella joins this memorandum.

Judge Platt concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/12/2018